NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



FILED

NOV 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAUSTO RENATO QUEVEDO, | No. 16-70507 |
| Petitioner, | Agency No. A072-516-171 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2017[**]
Pasadena, California

Before:    **KOZINSKI**, **HAWKINS** and **PARKER**,[***] Circuit Judges.

To qualify for Convention Against Torture relief a petitioner must show that

"it is more likely than not that he . . . would be tortured if removed to the proposed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

country of removal."  8 C.F.R. § 208.16(c)(2).  The IJ didn't err by finding that Quevedo failed to meet this standard.  Substantial evidence supported the IJ's determination that the beating Quevedo suffered wasn't torture.  See Ahmed v. Keisler, 504 F.3d 1183, 1201 (9th Cir. 2007).  His later peaceful interaction with Guatemalan police further demonstrates that he's unlikely to be tortured if returned to Guatemala.

**DENIED.**